TWENTY-THIRD CLAIM FOR RELIEF AGAINST INTERNATIONAL VILLAS, INTERNATIONAL VILLAS ONE, INTERNATIONAL VILLAS TWO, UBM AND UB

88. Defendants repeat and reallege their responses to Paragraph 1 through 21 above as if fully set forth herein.

89. Responding to Paragraph 89 of the Complaint, Defendants specifically deny each and every allegation contained therein.

90. Responding to Paragraph 90 of the Complaint, Defendants specifically deny each and every allegation contained therein.

TWENTY-FOURTH CLAIM FOR RELIEF AGAINST INTERNATIONAL VILLAS, INTERNATIONAL VILLAS ONE, INTERNATIONAL VILLAS TWO, UBM AND UB

91. Defendants repeat and reallege their responses to Paragraph 1 through 21 above as if fully set forth herein.

92. Responding to Paragraph 92 of the Complaint, Defendants specifically deny each and every allegation contained therein.

93. Responding to Paragraph 93 of the Complaint, Defendants specifically deny each and every allegation contained therein.

AFFIRMATIVE AND OTHER DEFENSES OF EACH RESPECTIVE DEFENDANT

Each Defendant asserts the following affirmative and other defenses set forth below. In making such defenses, the respective Defendant does not concede that it or he bears the burden of proof as to any of them. Discovery has not yet begun in this matter. Therefore each respective Defendant has not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, each Defendant reserves the right to amend, modify, or expand these

defenses and to take further positions as discovery proceeds in this matter.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

94. Upon information and belief, Plaintiff is barred from recovery in that the Complaint and each and every claim alleged therein fails to allege facts sufficient to state a cause of action against any Defendant.

**SECOND AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction)**

95. Upon information and belief, Plaintiff is barred from recovery on the basis of the doctrine of accord and satisfaction in favor of each of the Defendants with respect to each of the claims in Plaintiff's Complaint

**THIRD AFFIRMATIVE DEFENSE**
**(Waiver)**

96. Upon information and belief, Plaintiff should be barred from recovery based upon the doctrine of waiver in favor of each of the defendants as to each claim in Plaintiff's Complaint.

**FOURTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

97. Upon information and belief, Plaintiff is barred from recovery upon estoppel in favor of each of the defendants with respect to each of the claims in Plaintiff's Complaint.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure of consideration)**

98. Upon information and belief, Plaintiff is barred from recovery based upon failure of consideration in favor of each of the defendants with respect to each of the claims in Plaintiff's Complaint.

### SIXTH AFFIRMATIVE DEFENSE
(Fraud)

99. Upon information and belief, as to each defendant, Plaintiff is barred from recovery based upon fraud on the part of Namco, Ezri Namvar and/or third parties as to each of the claims in Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
(Plaintiff's Acts or Omissions)

100. Upon information and belief, each defendant alleges that any damage for which the Complaint seeks to hold any defendant liable, resulted in whole and/or in part from Plaintiff's acts or omissions and/or those of Namco and/or Ezri Namvar, and defendants' are in no way responsible or liable to Plaintiff for its own wrongful or negligent acts or omissions.

### EIGHTH AFFIRMATIVE DEFENSE
(Doctrine of Laches)

101. Upon information and belief, as to each of the defendants, Plaintiff is barred from recovery on the basis that Plaintiff has inexcusably and unreasonably delayed the filing of the Complaint, causing substantial prejudice to the responding defendants, and Plaintiff's purported claims are barred under the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

(Payment)

102. Upon information and belief, as to each defendant, Plaintiff should be barred from recovery based upon the fact that payment has been made to the Plaintiff.

### TENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

103. Upon information and belief, as to each defendant, Plaintiff should be barred from recovery based upon the applicable statute of limitations including, but not limited to: (a) the statute of limitations applicable to 11 U.S.C. section 544(b) (relating to the Trustee's general avoidance powers); (b) the statute of limitations applicable to 11 U.S.C. section 548 (relating to fraudulent transfers and obligations); (c) California Civil Code section 3439.09 (relating to California's Uniform Fraudulent Transfers Act.); (d) money lent; and (e) open book account.

### ELEVENTH AFFIRMATIVE DEFENSE

(Breach of Contract)

104. Upon information and belief, as to each defendant, Plaintiff is barred from recovery on the basis of breach of contract on the part of Namco as to each claim in Plaintiff's Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

(Non-Performance)

105. Upon information and belief, as to each defendant,

Plaintiff is barred from recovery for Namco failing to perform all of the conditions and covenants for which Namco is required to perform under the law.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Excuse)

106. Upon information and belief, Plaintiff is barred from recovery on the basis that each of the answering defendants' performance is excused.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

107. Upon information and belief, as to each defendant, Plaintiff is barred from recovery on the basis that each claim in the Complaint is barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Set-Off)

108. Upon information and belief, Plaintiff is barred from recovery on the basis that each respective defendant is entitled to a set-off by all amounts by which Plaintiff and/or Namco is liable to Defendants as alleged in the Counterclaims.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Mitigation)

109. Upon information and belief, as to each respective defendant, Plaintiff is barred from recovery on the basis that Plaintiff has failed and refused to exercise reasonable methods to mitigate damages. Plaintiff's damages, if any, must be reduced to

---

18

ANSWER AND COUNTERCLAIM OF BRUCE YASMEH, ETC., ET AL.

the extent such damages were reasonably avoidable and Plaintiff did not take reasonable actions to limit their damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

110. Upon information and belief, Plaintiff is barred from recovery on the basis that there exists a failure of a condition precedent in favor of the defendants as to each claim.

### EIGHTEENTH SECOND AFFIRMATIVE DEFENSE
### (Unjust enrichment)

111. Upon information and belief, as to each defendant, Plaintiff is barred from recovery on the basis that the relief sought by Plaintiff would constitute an unjust enrichment of Plaintiff as to each of the claims in Plaintiff's Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Full Performance)

112. Upon information and belief, as to each defendant, Plaintiff is barred from recovery on the basis that defendant has fully performed all of the terms and conditions of all alleged agreements.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Mutual Consent)

113. Upon information and belief, Plaintiff is barred from recovering on the basis of lack of mutual consent as to each respective defendant as to each claim in the Complaint.

---
19

ANSWER AND COUNTERCLAIM OF BRUCE YASMEH, ETC., ET AL.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Modification)

114. Upon information and belief, Plaintiff is barred from recovering on the basis of modification of all agreements as to each respective defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Misrepresentation by Namco)

115. Upon information and belief, Plaintiff is barred from recovery on the basis that any of the conduct of a defendant or a defendant's agents that is alleged to be unlawful was taken as a result of misrepresentations by Namco.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Misconduct of third parties)

116. Upon information and belief, each defendant alleges that the damages for which Plaintiff seeks to hold each defendant liable resulted in whole or in part from the negligent, deliberate, intentional, reckless or unlawful acts or omissions of third parties and each defendant is not liable for the acts or omissions on the part of third parties.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Proportionate Degree of Fault)

117. Upon information and belief, each respective defendant alleges that if he or it should be found in any manner legally responsible for damages, if any, purportedly sustained by Plaintiff or any other party or parties to this action, then such damages were proximately caused, or contributed to, by the other party or parties to this action, and it is necessary that a proportionate

degree of negligence or fault of each and every person or entity, whether made parties to this action or not, be determined and prorated and that any judgment that might be entered against each respective defendant be reduced by that degree of fault found to exist as to said other person or entities.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (reasonably equivalent value and in good faith)

118. Upon information and belief, as to each respective defendant, the Trustee is barred from relief for the transfers or obligations alleged to have been made or received because any such transfers or obligations were taken for reasonably equivalent value and in good faith, and without knowledge of their voidability, within the meaning of: (a) California Civil Code section 3439.08; (b) 11 U.S.C. section 548(c) (relating to fraudulent transfers and obligations); and (c) 11 U.S.C. section 550(b) (relating to liability of a transferee of an avoided transfer); and (d) any other applicable federal and state statute and case law.

### PRAYER FOR RELIEF

**WHEREFORE, EACH RESPECTIVE DEFENDANT** prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by reason of his Complaint, and each and every cause of action stated therein, and that judgment be rendered in favor of each of the respective defendants.

2. That each respective defendant be awarded costs of suit incurred in defense of this action; and

21

ANSWER AND COUNTERCLAIM OF BRUCE YASMEH, ETC., ET AL.

3. For such other relief as the Court deems proper.

## COUNTERCLAIMS

Counterclaimants BRUCE YASMEH, KOVAL LN 21, LLC, NATO FUND, INC. ("NATO"), KOVAL LN 6, LLC ("KL6"), INTERNATIONAL VILLA, LLC ("INTERNATIONAL VILLA"), UNITED BUILDING MANAGEMENT, LLC and UNITED BUILDING, LLC ("UB") allege as follows:[1]

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF (PARAGRAPHS 1 -22**

### NATURE OF ACTION

1. As to each respective Counterclaimant, this is a counterclaim with claims regarding five agreements between the below-identified Counterclaimants and Debtor Namco Capital Group, Inc. ("Namco") through its authorized representative and officer Ezri Namvar ("Ezri").

### JURISDICTION AND CASE BACKGROUND

2. The within bankruptcy case was commenced on or about December 22, 2008 (the "Petition" date), when an involuntary

---

[1] KOVAL LN 21, LLC, NATO FUND, INC. ("NATO"), KOVAL LN 6, LLC ("KL6"), INTERNATIONAL VILLA, LLC ("INTERNATIONAL VILLA"), UNITED BUILDING MANAGEMENT, LLC and UNITED BUILDING, LLC ("UB") are sometimes referred to as "the Business Entities" in this Counterclaim.

22

ANSWER AND COUNTERCLAIM OF BRUCE YASMEH, ETC., ET AL.

petition was filed for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), Bankruptcy Case No. 2:08-bk-32333-BR, which case currently is pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California. The Order for Bankruptcy Relief was entered on January 29, 2009. On or about May 8, 2009, Plaintiff Bradley D. Sharp was appointed the Chapter 11 Trustee. Plaintiff is the duly appointed, qualified, and acting Chapter 11 Trustee for the Debtor's bankruptcy estate.

3. The within Adversary Proceeding was filed on or about November 23, 2010.

4. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. section 157 (relating to bankruptcy proceedings) and 28 U.S.C. section 1334 (relating to bankruptcy jurisdiction.) Venue is proper in this Court pursuant to 28 U.S.C. 1409 relating to venue of proceedings arising under Title 11 of the United States Code.

5. This counterclaim is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001 (relating to bankruptcy adversary proceedings.)

6. This counterclaim is a core proceeding under 28 U.S.C. section 157(b) (relating to bankruptcy core proceedings.)

**PARTIES**

7. Defendant/Counterclaimant BRUCE YASMEH is an individual who resides in Los Angeles County, California.

8. Defendant/Counterclaimant KOVAL LN 21, LLC, ("KL21") is a limited liability company, organized and existing under the laws of the State of Nevada. At all times, KL21 properly conducted its business so that its separate form shall be fully recognized for all purposes.

9. Defendant/Counterclaimant NATO FUND, INC. ("NATO") is a corporation, organized and existing under the laws of the State of Nevada. At all times, NATO properly conducted its business so that its separate form shall be fully recognized for all purposes.

10. Defendant/Counterclaimant KOVAL LN 6, LLC ("KL6") is a limited liability company, organized and existing under the laws of the State of Nevada. At all times, KL6 properly conducted its business so that its separate form shall be fully recognized for all purposes.

11. Defendant/Counterclaimant INTERNATIONAL VILLA, LLC ("International Villa") is a limited liability company, organized and existing under the laws of the State of Nevada. At all times, International Villa properly conducted its business so that its separate form shall be fully recognized for all purposes.

12. Defendant/Counterclaimant UNITED BUILDING MANAGEMENT, LLC ("UBM") is a limited liability company, organized and existing under the laws of the State of Nevada. At all times, UBM properly conducted its business so that its separate form shall be fully recognized for all purposes.

13. Defendant/Counterclaimant UNITED BUILDING, LLC ("UB") is a limited liability company, organized and existing under the laws of the State of Nevada. At all times, UB properly conducted its business so that its separate form shall be fully recognized for all purposes

## GENERAL ALLEGATIONS

14. On a number of occasions during the time period commencing in 2005 and ending during 2008, the respective Counterclaimant business entities entered into four handwritten service agreements (collectively referred to as "SERVICE AGREEMENTS") with Debtor whereby the respective Counterclaimant business entities (collectively referred to as "Counterclaimant Business Entities") would: (a) assist Debtor in locating potential real estate and business investments (collectively referred to as "Investments"); and (b) assist Debtor in managing specified Investments after the Debtor actually acquired the respective real property and related personal property assets. Debtor agreed to form a separate limited liability company (LLC) or other entity for the purpose of owning the respective Investment. The respective Investment would be owned by the applicable limited liability company or other entity until such time as Debtor transferred the Investment to a designated potential buyer. In fact, on a number of occasions, Debtor transferred several Investments to designated buyers including the transfer of several condominium buildings located on Koval Lane in Las Vegas, Nevada to designated buyers.